UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL MEJIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:25-cv-01453-MMM |
| ) | |
| STERLING ADAMS, *et al.* ) | |
| ) | |
| Defendants. ) | |

ORDER

Plaintiff is proceeding *pro se* on an amended complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. The Motion for Leave to Amend [11] is GRANTED.

Plaintiff's amended complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (cleaned up).

**ALLEGATIONS**

Plaintiff's amended complaint appears to incorporate by reference the original Defendants, though his omission of grievance-related claims may work an abandonment of certain Defendants. The current named Defendants are: Internal Affairs Officer Sterling Adams, John Does 1 and 2, Reviewing Officer A. Thompson,

1

Lieutenant C. Myers, Grievance Officer Kellie Dennis, Warden Cherryle Hinthorne, Administrative Review Board member Ryan Kilduf, Lieutenant Shawn Thrush, Correctional Officer Mason Guerra, and Illinois Department of Corrections Director Latoya Hughes.

### Investigative Report Issues

On May 8, 2023, Plaintiff was placed in segregation at Illinois River Correctional Center. On May 10, 2023, Plaintiff was served with an Investigative Disciplinary Report. The Investigative Report was authored by Defendant Myers, reviewed by Defendant Thompson, investigated by Doe 2 and reviewed by Doe 1. The Investigative Report "listed Plaintiff in observation as Kevon Cooper ID# Y53375. Ironically, it then goes on to state that 'Mejia identified by state issued ID and O360 [Offender 360 housing placement software].'" Plaintiff alleges these Defendants thereby violated Plaintiff's due process rights.

### Disciplinary Report Issues

On May 10, 2023, Plaintiff was taken to the small room at the end of the seg. wing, still at Illinois River Correctional Center. Defendant Adams attempted to question Plaintiff. Plaintiff writes, "Adams attempted to get Plaintiff to agree to work for him as his snitch/informant." Based on the documents attached to Plaintiff's complaint, Adams was questioning Plaintiff regarding allegations that another inmate entered Plaintiff's cell and engaged in a fight with Plaintiff. Plaintiff refused to "work for Adams as a snitch/informant." Adams threatened to issue Plaintiff a disciplinary report and to ensure he would be found guilty thereon.

On May 11, 2023, Adams issued what Plaintiff asserts was a false and retaliatory Disciplinary Report. That Disciplinary Report charged Plaintiff with: 110 Impeding an Investigation, 214 Fighting, 308 Giving False Information to an Employee, and 601 Aiding and Abetting Unauthorized Movement. Plaintiff asserts Adams violated Plaintiff's "First Amendment Rights Not To Be A Snitch."

Plaintiff went before an Adjustment Committee comprised of Defendants Thrush and Guerra on May 19, 2023. Plaintiff was found guilty on the charges. The 601 charge was later expunged. Plaintiff alleges Thrush and Guerra violated his Fourteenth Amendment rights through the way they handled the hearing, and the evidence they considered and did not consider. He alleges Adams conspired with them to influence their decision. The Committee heard Plaintiff's proceeding after eleven days even though the policy called for no more than seven days on the underlying charge.

## ANALYSIS

Plaintiff's amended allegations do not state a claim for relief.

First, Plaintiff does not state a First Amendment claim. To state such a claim Plaintiff must allege that he was penalized for engaging in protected speech. *See Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *Fairley v. Andrews*, 578 F.3d 518, 525 (7th Cir. 2009). Refusing to assist in the investigation of a prison security violation is not protected speech. *Caffey v. Maue*, 679 F. App'x 487, 490 (7th Cir. 2017).

> Prison administrators often use the "stick" of withholding amenities and privileges to facilitate cooperation with their goals. *See United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010) (discussing federal Inmate Financial Responsibility Program). More importantly, prisoners may be compelled to disclose information during internal investigations provided they are

3

> not punished for refusing to make self-incriminating statements without immunity. *Riggins v. Walter*, 279 F.3d 422, 430 (7th Cir. 1995). Caffey never hinted that answering the investigators' questions might incriminate him, so he was not privileged to refuse.

*Id.*

Here, when Plaintiff failed to cooperate and assist the investigation, he was, permissibly, charged with impeding the investigation along with other related charges. Plaintiff has not alleged a plausible First Amendment claim.

Plaintiff's allegations also do not state a Fourteenth Amendment due process claim against any Defendant, because he has not alleged that he was deprived by the state of any protected interest.

"When an inmate is placed in conditions more restrictive than those in the general prison population, whether through protective segregation like suicide watch or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine Cty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013); *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (holding that the plaintiff's six months and one day in disciplinary segregation did not implicate liberty interest because he was allowed yard time and weekly showers and was not deprived of all human contact or sensory stimuli); *see also Singh v. Gegare*, 651 F. App'x 551, 555 (7th Cir. 2016) (concluding that the plaintiff's 105 days in disciplinary segregation did not implicate liberty interest because "he was permitted several hours

of yard time and several showers each week, as well as authorized to leave his cell for visits and appointments").

When assessing a claim related to disciplinary segregation, "the key comparison is between disciplinary segregation and non-disciplinary segregation rather than between disciplinary segregation and the general prison population," *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997), "because, in every state's prison system, any member of the general prison population is subject, without remedy, to assignment to administrative segregation or protective custody at the sole discretion of prison officials." *Lekas v. Briley*, 405 F.3d 602, 609 (7th Cir. 2005); *see also Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that plaintiff's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" because "disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody" and thus, the plaintiff's "confinement did not exceed similar, but totally discretionary, confinement in either duration or degree of restriction").

Here, Plaintiff alleges he was held in segregation four days beyond the maximum sentence for the discipline he was charged with. This period is insufficient to indicate a loss of any protected liberty interest. And Plaintiff has not alleged that that the conditions in disciplinary segregation were significantly and atypically harsh compared to the conditions in administrative or protective custody segregation, which are, by definition, already harsh and difficult.

5

**IT IS THEREFORE ORDERED:**

1. Motion for Leave to Amend [11] is GRANTED.
2. Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim. Plaintiff has been allowed to amend, clearly states his allegations, and fails to state a claim for relief. Further amendment would be futile.
3. Case dismissed with prejudice for failure to state a claim, and judgment to enter.

Entered this 27th day of February, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
